UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DELILAH MAY JOHNSON,<br><br>             Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>             Defendant. | No. CV-07-5035-CI<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

Before the court are cross-Motions for Summary Judgment. (Ct. Recs. 15, 20.) Attorney Thomas Bothwell represents the Plaintiff. Special Assistant United States Attorney Joanne Antonio represents the Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and remands the matter to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).

**JURISDICTION**

Delilah Johnson, Plaintiff, protectively filed for Supplemental Security Income benefits on July 20, 2004. (Tr. 72.) She alleged disability due to depression, anxiety, diabetes, high blood pressure, asthma, headaches, obesity, GERD, and back pain, with an alleged onset date of April 1, 2004. (Tr. 46, 65.) Her application was denied both initially and upon reconsideration. (Tr. 27-28.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS - 1

She timely requested a hearing, which was held on May 22, 2006, before Administrative Law Judge (ALJ) R. J. Payne. (Tr. 29, 282-320.) Plaintiff, who was represented by counsel, and medical expert Joselyn Baily, M.D., testified at the hearing. The ALJ denied Plaintiff's application and the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (Tr. 5-8.) The instant matter is before the district court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed de novo. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL EVALUATION

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS - 2

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner is governed by a five-step sequential evaluation process for determining whether a plaintiff is disabled. 20 C.F.R. §§ 404.1520, 416.920, *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). As explained by the court in *Edlund*:

> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

*Edlund*, 253 F.3d at 1156-1157.

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. In steps one through four, a claimant must demonstrate a severe impairment and an inability to perform past work. *Erickson v. Shalala,* 9 F.3d 813, 816-17 (9th Cir. 1993). If a claimant meets those requirements, the burden shifts to the Commissioner to demonstrate a claimant can engage in other types of substantial gainful work which exist in the national economy. *Id*. at 817 (*citing Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984)). To make this determination, the Commissioner must consider a claimant's age, education, and work experience. 20 C.F.R. §

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS - 3

404.1520(a)(v).  *See Bowen v. Yuckert,* 482 U.S. 137, 107 S.Ct. 2287 (1987).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational impairment, the court may not substitute its judgment for that of the Commissioner.  *Tackett*, 180 F.3d at 1097;  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## STATEMENT OF THE CASE

Detailed facts of the case are set forth in the transcript of proceedings (Tr.) and the ALJ's decision and are briefly summarized here.  Plaintiff was 55 years old at the time of the hearing. (Tr. 298.) She had a high school degree and an AAS in Office Technology. (Tr. 62.)  Plaintiff had past work experience as a full-time babysitter for her two young grandchildren, and as an office helper. (Tr. 299, 301.)  She testified she could no longer work at these jobs because of the "sitting down and the standing up"; she indicated she could sit for about an hour and stand for about 15 minutes before needing to move around.  (Tr. 300, 303-04.)  She

stated she needed to lie down two to three times a day to relieve back pain. (Tr. 310.) She reported she cared for her personal needs, cooked, cleaned and took care of her three year old grandson, who lived with her full time because his mother was in South Dakota. (Tr. 163.) Her twenty-five year old daughter, who has a daughter, also lived with her and helped her with chores and the two children. (Tr. 318.) Another daughter came in to help with chores. (Tr. 102.) Plaintiff's daughter reported that Plaintiff got the granddaughter ready for school and took care of the grandson during the day. (Tr. 95, 134, 318.) Plaintiff testified she also watched television and read during the day. She has never driven a car. (Tr. 309, 315.)

**ADMINISTRATIVE DECISION**

At step one, ALJ Payne found Plaintiff had not engaged in substantial gainful activity since the onset of the disability. At step two, he found Plaintiff had severe impairments of diabetes and dysthymic disorder. (Tr. 14.) At step three, the ALJ found Plaintiff's impairments or combination of impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings). (Tr. 15.) The ALJ found that Plaintiff's statements regarding the limiting effects of her impairments were "not entirely credible." (Tr. 17.) At step four, he found the Plaintiff could perform a wide range of light level work and could still perform her past relevant work as an office worker. (*Id*.) He concluded Plaintiff had not been under a disability, as defined by the Social Security Act, through the date of the decision. (Tr. 18.)

**ISSUES**

The question presented is whether the ALJ's decision is supported by substantial evidence and is free of legal error. Plaintiff argues that the ALJ erred when he: (1) improperly rejected the treating physician's opinion; (2) failed to properly evaluate her obesity as a severe impairment; and (3) improperly rejected Plaintiff's subjective symptom complaints. (Ct. Rec. 16 at 1-2.)

**DISCUSSION**

**A.  Obesity**

Plaintiff's medical records and testimony indicate that she is 64 inches in height, her weight fluctuated between 290 and 301 pounds, and she had a Body Mass Index (BMI) of 45. (Tr. 291, 305.) She carries a diagnosis of obesity. (Tr. 176.) Her treating physician, cardiologist, the agency physician and medical expert noted her condition, and expressed concerns that her obesity was causing her limitations. She was advised consistently by medical providers to modify her lifestyle and lose weight. (Tr. 142, 164, 194, 204, 214, 217, 245, 295-96.) At 290 pounds with a BMI of 45, Plaintiff met the definition of Level III "extreme" obesity found in *Clinical Guidelines on the Identification, Evaluation, and Treatment of Overweight and Obesity in Adults*. *Social Security Ruling* (*SSR*) 02-01p; NIH Publication No. 98-4083 (September 1998). This level of obesity, however, "does not correlate with any specific degree of functional loss." *SSR* 02-01p.

While obesity has been eliminated as a Listing, it can constitute the equivalence of a Listing when considered with other severe and non-severe impairments. *Social Security Ruling* 02-01p

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

addresses the significance of obesity in the sequential evaluation process. The ruling recognizes that obesity will constitute a severe impairment when "it significantly limits an individual's physical or mental ability to do basic work activities." *SSR* 02-01p. The current prefaces to the musculoskeletal, respiratory and cardiovascular body system Listings provide guidance about the potential effects obesity has in causing or contributing to impairments in those body systems. For example, Listing 4.04.00 I.1 states:

> The combined effects of obesity with cardiovascular impairments can be greater than the effects of each of the impairments considered separately. We must consider any additional and cumulative effects of obesity when we determine whether you have a severe cardiovascular impairment . . . (or a combination of impairments) . . . and when we assess your residual functional capacity.

Obesity must be considered at step four of the process because it may cause limitation of function. An assessment should be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment. *SSR* 02-01p. Here the ALJ did not adequately consider Plaintiff's obesity at step two, three or four of the sequential process. "An individualized assessment of the impact of obesity on an individual's functioning" is required in the sequential evaluation process. *Id*. A failure to consider obesity is reversible error. On remand, the ALJ will consider the limitations caused by Plaintiff's obesity in combination with severe and non-severe impairments and the effects of pain. 20 C.F.R. §§ 416.911, .923, .945(e).

**B.   Step Four Findings**

Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion that the claimant can still perform past relevant work. *SSR* 82-62. This is done by looking at the "residual functional capacity and the physical and mental demands" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv). In finding that an individual has the capacity to perform a past relevant job, the decision must contain among the findings the following specific findings of fact:

   1.   A finding of fact as to the individual's residual functional capacity;

   2.   A finding of fact as to the physical and mental demands of the past job/occupation; and

   3.   A finding of fact that the individual's residual functional capacity would permit a return to his or her past job or occupation. *SSR* 82-62.

These findings must be based on the evidence in the record and must be developed and fully explained in the disability decision. Evidence of the physical and mental requirements of a particular job may be found in the Dictionary of Occupational Titles, other administratively recognized publications, or vocational expert testimony. *SSR* 82-61. Vocational experts are used most often at an ALJ hearing for reliable occupational information. *SSR* 00-4p. Step four requires specific findings on all three points sufficient "to insure that the claimant really can perform his past relevant work."

*Pinto v. Massanari,* 249 F.3d 840, 845 (9th Cir. 2001); *see also SSR* 00-4p.

"Past relevant work" is defined as work performed in the last 15 years, lasted long enough to learn it and was substantial gainful employment. 20 C.F.R. § 416.960(b). Plaintiff reported she worked in an office at her school where she did typing, filing, faxing, errands and answering the phone for five months in 1997-98, and was paid six dollars an hour. (Tr. 57.) The earnings report in the record indicate Plaintiff earned $3,339 in 1998 from United Tribe Technical College. (Tr. 53.) On remand, the ALJ will explain the basis for a finding that this represents "past relevant work" as defined by the Regulations.

The regulations state "[f]inding that a claimant has the capacity to do past relevant work on the basis of a generic occupational classification of the work is likely to be fallacious and unsupportable." *SSR* 82-61. Here, the ALJ did not consider Plaintiff's obesity in combination with other impairments in his RFC determination and did not make the required findings at step four. There is no vocational expert testimony or even a reference to the DICTIONARY OF OCCUPATIONAL TITLES to support the ALJ's conclusion that Plaintiff could perform her past work as an office worker as actually or generally performed. Plaintiff's brief description of her office work at the hearing and in the record is not substantial evidence to support the Commissioner's step four determination. This is reversible error. See *Pinto*, 249 F.3d at 845 (reliance on the DICTIONARY OF OCCUPATIONAL TITLES alone was not sufficient basis for a finding that claimant can perform past relevant work).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS - 9

**CONCLUSION**

The ALJ's determination is not free of legal error and not based on substantial evidence. On remand, after consideration of obesity in combination with other severe and non-severe impairments, the ALJ will make new credibility findings and RFC findings. Plaintiff may submit additional evidence and vocational expert testimony may be obtained at step four and five, if necessary. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment (**Ct. Rec. 15)** is **GRANTED.** The ALJ's decision is **REVERSED** and the matter is **REMANDED** to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).

2. Defendant's Motion for Summary Judgment (**Ct. Rec. 20)** is **DENIED.**

3. Application for an award of attorney fees may be made by separate motion.

3. Judgment for the **PLAINTIFF** shall be entered. The District Court Executive is directed to enter this Order, forward copies to counsel, and thereafter shall close this file.

DATED May 13, 2008.


                    S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE